Daniel, Judge,
 

 after stating the facts, proceeded as follows : — Allen Peobles will of course account for all the slaves and their increase which came
 
 to his
 
 possession as executor of Lewis Peobles. It is also the opinion of the Court, that the said Allen, and all the other defendants must account to the plaintiffs, for the purpose of division, for all the slaves and their increase, which had before
 
 *603
 
 belonged to the testator, and had been placed in possession of the defendants by the testator in his lifetime, and which were alive at the death of the testator, and had not been
 
 then sold
 
 by any of the defendants. The act of 1806, (see 1
 
 Rev. Stat.
 
 ch. 37, sec. 17,) declares that all gifts of slaves shall be void, that are not made in writing, and authenticated as there prescribed. The gifts of the slaves by parol, which the defendants set up under their father, are therefore void. It has been frequently decided in this Court, that slaves held by children under parol gifts from their parents, were considered in law only as
 
 bailments.
 
 If the parent had died
 
 intestate
 
 such parol gifts to children would be
 
 advancements.
 
 But in this case, as the father did not die
 
 intestate,
 
 but
 
 testate
 
 as to his whole personal estate, the slaves thus bailed to his children (the defendants,) and which were in their power or possession at the death of the testator, must be accounted for. We are, however, of the opinion that the plaintiffs have no right under the will, to call for an account of the money for which any of the slaves were
 
 sold,
 
 and where the slaves were actually
 
 sold
 
 before the death of the testator. The clause in the will is, that “ all my
 
 negro slaves
 
 be laid off into six lots.” His slaves here meant, were those left at his death in possession of his executor, and those slaves that were then in possession of the defendants as his bailees. The money which the defendants held, and which was the price of the bailed slaves by them sold, cannot, by any fair construction of the will, be made to mean “
 
 negro slaves.”
 
 It is his “
 
 negro slaves”
 
 which belong to him, (the testator,) at his death, that are directed by the will to be laid off into six lots; and not any other part or portion of his personal estate or
 
 choses in action.
 

 The Court is of opinion, that the slave Hannah and her issue, mentioned in the answer of the defendants Smith and wife, are not to be brought into account for the purpose-of making a division of the testator’s negro slaves. The-plaintiffs have not shown by any means to the satisfaction of this Court, that the slave Hannah ever belonged to the testator. We are unable to learn from, the answer of Smith and wife, (the only evidence on this point in the
 
 *604
 
 cause,) that the testator contracted with the slave trader for the girl Hannah. But, on the other hand, a very strong inference arises from what is stated on this subject in the answer, (which has been made use of as evidence by the plaintiffs,) that not only the selection of Hannah by Mrs. Smith, was made at the slave station of the trader, but that she and her husband stipulated with the trader as to-the amount of the price and contracted for the purchase. The father, on the next day, advanced the money to the trader. But did he contract with and purchase of the trader, or only give the money ? The trader delivered the slave, not to the father, but to Mrs. Smith, who took her home from the station, and she and her husband have kept the girl and her issue as their own undisputed property ever since. Under these circumstances, this Court is unable to say, that the slave Hannah ever was the property of the testator. It is a point which it behooved the plaintiffs to establish, that the slave Hannah once belonged to the testator. They have not done so; therefore, we declare, that the slave Hannah and her increase, are not to be taken into the account in ascertaining what slaves belonged to the testator at his death, that were subject to division among his legatees. The decree will be in conformity to the principles declared in this opinion.
 

 Per Curiam. Decree accordingly.